UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) Case No. 05 C 6431 |
| Plaintiff, | ) ) Judge Shadur |
| v. | ) ) |
| JOSE LUIS CORRAL, individually and d/b/a DRY-MEX, | ) Magistrate Judge Schenkier ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S MOTION FOR ENTRY OF SUPPLEMENTAL JUDGMENT ORDER

Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("the Union"), by and through its attorneys, Dowd Bloch & Bennett, and in support of its Motion for Entry of Supplemental Judgment Order against the Defendant Jose Louis Corral, individually and d/b/a Dry-Mex ("Defendant" or "Corral"), states as follows:

1.  This matter was brought before this Court pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C., §§ 141, 185, to enforce the terms of a collective bargaining agreement requiring the posting of a bond.

2.  The Union filed its Complaint on November 9, 2005, requesting that the Defendant be ordered (1) to provide the Union with a bond in the required form and in the amount of $20,000 or, in the alternative, to provide the Union with $20,000 to serve as a cash bond; (2) to cease all work, regardless of the name or business form under which such work is performed, within the geographic and craft jurisdiction of the Union until he provides the bond or cash bond; and (3) to reimburse the Union for all legal fees and costs incurred in this suit.

3. On December 22, 2005, this Court entered judgment ("Judgment Order") against Corral requiring, among other things, Corral to provide the Union with a $20,000.00 bond or to make a payment to the Union in the amount of $20,000.00 to serve as a cash bond, and to reimburse the Union in the amount $1,472.50 for attorneys' fees and costs. See Exhibit A.

4. This Court retained jurisdiction of the case to resolve any disputes concerning compliance with the Judgment Order.

5. After the judgment was issued and supplemental proceedings had been initiated through a Citation to Discover Assets, the parties reached an agreement that Corral would pay a portion of the Judgment; however, of the amounts Corral agreed to pay, only $1,000.00 has been paid towards the Judgment despite demand being duly made.

6. As a result, since the entry of December 22nd Judgment Order, the Union has incurred additional and unnecessary legal fees associated with its efforts to seek the Defendant's compliance with the parties' agreement as well as terms of the Judgment Order and the Citation to Discover Assets.

7. Under Article X, Section D of the collective bargaining agreement, an employer is liable for all fees and costs incurred by the Union in enforcing the bond obligation; therefore, the Defendant is liable to the Union for all attorneys' fees and costs incurred since the entry of the Judgment Order.

8. Based on the work Plaintiff's counsel has completed since the entry of the December 22nd Judgment Order and the work the Union's counsel anticipates doing in the future, the Union has incurred or will incur attorneys' fees and costs in the amount $4,204.60. See Exhibit B Affidavit of Michele M. Reynolds.

9. Accordingly, the Plaintiff is entitled to recover the amount of $4,204.60 for additional attorneys' fees and costs from Defendant Jose Louis Corral.

WHEREFORE, Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO, requests this Court grant this motion and enter a Supplemental Judgment Order against Defendant Jose Louis Corral in the form of the attached proposed Supplemental Judgment Order.

Respectfully submitted,

/s/Michele M. Reynolds
Michele M. Reynolds
One of Plaintiff's Attorneys

Michele M. Reynolds
Dowd Bloch & Bennett
8 South Michigan Ave. 19th Floor
Chicago, IL 60603
312 372-1361